WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S RECENT OPINIONS IN *MEDINA, MILLER*, AND *JONES*.

No briefs will be filed under Rule 25.

No. 11–0391/AR.   U.S. v. Steven K. Shafer.   CCA 20090650. [See also APPEALS—SUMMARY DISPOSITIONS this date.)

No. 11–0419/AR.   U.S. v. Bradley L. Gump.   CCA 20100546.   Review granted on the following issue:

WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDING IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S RECENT OPINIONS IN *MEDINA, MILLER*, AND *JONES*.

No briefs will be filed under Rule 25.

Thursday, April 28, 2011

No. 11–0393/NA.   U.S. v. Daniel W. Bartolo.   CCA 201000212.   On consideration of the petition for grant of review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals, we note that the court below affirmed a sentence

that included "total forfeiture of pay and allowances" after the convening authority specifically disapproved that punishment. Accordingly, it is ordered that said petition is granted on the following specified issue:

> WHETHER THE UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED BY PURPORTING TO AFFIRM "TOTAL FORFEITURE OF PAY AND ALLOWANCES" WHERE THE CONVENING AUTHORITY SPECIFICALLY DISAPPROVED SUCH PUNISHMENT. *SEE* ARTICLE 66(c), UCMJ.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed as to findings and only so much of the sentence as provides for a dishonorable discharge, confinement for 70 months, and a reduction to pay grade E–3. [See also ORDERS GRANTING PETITION FOR REVIEW this date.]

No. 11–0293/CG. U.S. v. Kenya Bernard. CCA 0262. Review granted on the following issue:

> WHETHER AN ARTICLE 134 CLAUSE 1 OR 2 SPECIFICATION THAT FAILS TO EXPRESSLY ALLEGE EITHER POTENTIAL TERMINAL ELEMENT STATES AN OFFENSE UNDER THE SUPREME COURT'S HOLDINGS IN *UNITED STATES v. RESENDIZ–PONCE* AND *RUSSELL v. UNITED STATES*, AND THIS COURT'S RECENT OPINIONS IN *MEDINA, MILLER*, AND *JONES*.

No briefs will be filed under Rule 25.

No. 11–0393/NA. U.S. v. Daniel W. Bartolo. CCA 201000212. [See also APPEALS—SUMMARY DISPOSITIONS this date.]

